UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
UNITED STATES MAGISTRATE JUDGE
MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-2985 FAX

November 8, 2010

TO ALL COUNSEL OF RECORD

    Subject: *Donna Marie Boone v. Michael J. Astrue, Comm'r of Social Security*
              Civil Action No.: JKB-09-2055

Dear Counsel:

    On August 3, 2009, the Plaintiff, Donna Marie Boone, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Compl., ECF No. 1.) I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19 & 25.) No hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I am affirming the agency's decision, and I am writing this letter to explain my rationale.

<u>Background</u>

    Ms. Boone's benefits applications were based upon her claim of disability due to a defective disc in her spine; she also indicated she had been diagnosed with bipolar disorder. (Tr. 74, 82.) Her claim was denied initially and upon reconsideration. (Tr. 40, 42, 50.) After receiving testimony at an administrative hearing and reviewing the medical evidence, the Administrative Law Judge ("ALJ") found that Plaintiff has severe impairments of bipolar disorder, degenerative disc disease, and cannabis dependence, but determined that none of Ms. Boone's impairments satisfied the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 ("LOI"). (Tr. 15-17.) The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to perform work at the light exertional level that consists of routine, repetitive, simple tasks with limited public contact. (Tr. 20.) The ALJ concluded that Ms. Boone was unable to perform her past relevant work. (Tr. 20.) However, taking into consideration her age, education, work experience, and RFC, the ALJ concluded that jobs that Plaintiff can perform exist in significant numbers in the national economy and that, therefore, she is not disabled. (Tr. 21-22.) The Appeals Council denied review. (Tr. 5-7.) Afterward, Ms. Boone filed suit for judicial review. Based on a consent motion filed by Defendant, the Court ordered a remand for further administrative proceedings. (Tr. 483.)

Following remand, the ALJ held another hearing and issued a new decision, finding Ms. Boone to have severe impairments of degenerative disc disease and bipolar disorder. (Tr. 677.) The ALJ determined that Ms. Boone did not have an impairment or a combination of impairments that met or medically equaled the LOI. (Tr. 679-82.) Ms. Boone's RFC was revised from the ALJ's earlier order and was set at the sedentary level, except that her jobs must be simple and routine with limited public contact and no high demands for productivity. (Tr. 682.) Even though she was judged incapable of performing any of her past relevant work, Ms. Boone was found capable of performing jobs that exist in significant numbers in the national economy, including addresser, food and beverage order clerk, and taper for printed circuit boards. (688-89.) Accordingly, the ALJ concluded Ms. Boone was not disabled. (Tr. 689.) In this Court, both parties indicate the Appeals Council denied review of Ms. Boone's request for review of the ALJ's second decision, even though that denial does not appear in the record. The undersigned concludes the omission from the record of the Appeals Council's denial of review is a mere oversight that does not affect the outcome of the case.

Plaintiff asks this Court to grant summary judgment in her favor or to remand for further proceedings. She makes two arguments, the first of which the Court rephrases:

1. The ALJ did not assign appropriate weight to conflicting medical experts; and

2. The ALJ failed to adjudicate Ms. Boone's claim according to the relevant pain standard.

(Pl.'s Br. 4, 6, ECF No. 19.)

Issue 1:  Weight Assigned to Conflicting Medical Experts

Plaintiff disagrees with the ALJ's apparent decision to assign less weight to the testimony of Dr. Nelson and more weight to the testimony of Dr. Blair. Plaintiff's argument borders on the inflammatory side with such statements as, "It is highly suggestive that the ALJ transparently favored the testimony of Dr. Blair," "The ALJ should not utilize [medical experts] in a fashion calculated to deny benefits," and "As a consequence of the ALJ's disturbing favoritism for Dr. Blair's testimony, this Honorable Court cannot possibly ascertain what criteria made Dr. Blair's testimony inherently [s]uperior." (*Id.* 5-6.) Having reviewed the transcripts of the hearings, the undersigned finds no evidence of bias or favoritism by the ALJ towards any witness's testimony. Thus, the appropriate inquiry is whether the ALJ followed the proper legal standards in evaluating the medical expert testimony.

Under the applicable regulations, the Commissioner evaluates opinion evidence in the following manner:

> In deciding whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive.

20 C.F.R. § 404.1527(b).  Also, the regulations state:

> If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all of the evidence and see whether we can decide whether you are disabled based on the evidence we have.

20 C.F.R. § 404.1527(c)(2).  Further, the regulations provide:

> When there are inconsistencies in the evidence that cannot be resolved, or when despite efforts to obtain additional evidence the evidence is not complete, we will make a determination or decision based on the evidence we have.

20 C.F.R. § 404.1527(c)(4).

Administrative law judges faced with disability determinations may appropriately consider the opinions of medical experts on the nature and severity of impairments and on whether a claimant's impairments equal the requirements set forth in the LOI.  20 C.F.R. § 404.1527(f)(2)(iii).  Since neither Dr. Nelson nor Dr. Blair was a treating physician, none of the criteria peculiar to the evaluation of treating physicians' opinions (i.e., examining relationship, treatment relationship, length of the treatment relationship and frequency of examination, and nature and extent of the treatment relationship), 20 C.F.R. § 404.1527(d), applies to the evaluation of the two experts' opinions.  Instead, the ALJ was required to consider the supportability of and explanation for the opinions, consistency of the opinions with the record as a whole, specialization, and other factors that tend to support or contradict the opinions. *Id.*

At the hearing before the first decision by the ALJ, testimony was received from Dr. Nelson, a neurologist with some additional training in psychiatry.  (Tr. 422.)  In response to questions from Plaintiff's counsel, Dr. Nelson opined that Ms. Boone, if left untreated, meets LOI 12.04 pertaining to affective disorders; he also said that she may be perfectly normal if treated.  (Tr. 427.)  In contrast, at the hearing conducted by the ALJ following remand, Dr. Blair, whose field of expertise was psychology,[1] testified that the record did not support a conclusion that Ms. Boone's depressive disorder met or equaled a listing in the LOI.  (Tr. 622, 630.)[2]

In his second decision, the ALJ found that Ms. Boone did not meet the requirements of LOI 12.04, 12.06, 12.07, or 12.09.  (Tr. 680.)  Although the ALJ had earlier found that Ms. Boone meets the "A" criteria of LOI 12.04 (Tr. 16), he determined that she met neither the "B" criteria or the "C" criteria (Tr. 682), only one of which is required to satisfy LOI 12.04.  This

---

[1]  His testimony further indicates his expertise is in neuropsychology.  (Tr. 625.)
[2]  The ALJ stated at the hearing following remand that Dr. Nelson's medical license had lapsed and that he was retired; thus, he was not available to testify again.  (Tr. 612-13.)

conclusion was reached after careful, detailed consideration of numerous medical records and evaluations in the administrative record. It is evident from this Court's review of the record that substantial evidence supports the ALJ's finding. It did not rest solely on Dr. Blair's opinion but was based on evidence from multiple medical sources that reasonably supported the view that Ms. Boone had only mild restriction on her activities of daily living, mild to occasionally moderate difficulties in her social functioning, mild to occasionally moderate difficulties with regard to concentration, persistence, and pace, and a history of one or two episodes of decompensation of extended duration that predated the alleged onset date for disability in 2004. (Tr. 680-82.)

In the section of his decision dealing with Ms. Boone's RFC, the ALJ assigned significant weight to Dr. Blair's testimony regarding her mental functional limitations. (Tr. 687.) He did so in recognition of Dr. Blair's specialty – licensed clinical psychologist and clinical neuropsychologist – and in recognition of Dr. Blair's familiarity with disability evaluations and determinations under the Social Security Act. (*Id.*)[3] The ALJ also took into consideration the fact that Dr. Blair had reviewed all of the relevant medical evidence. (*Id.*) Consequently, the ALJ found that Dr. Blair's testimony was "well-reasoned and persuasive and strongly supported by the evidence of record," which the ALJ summarized in his decision. (*Id.*) It is clear from the ALJ's finding that Ms. Boone did not meet LOI 12.04, that he did not assign persuasive weight to Dr. Nelson's contrary opinion because the record as a whole did not favor it. It is up to the finder of fact to resolve conflicts in the evidence, *see Craig*, 76 F.3d at 589 ("'Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)'" (citation omitted)), and the ALJ's obvious choice not to rely upon Dr. Nelson's opinion on this point is well supported by the record.

Plaintiff makes much of the remand order of the Appeals Council, which followed the consent remand order from this Court, by arguing that the ALJ "ignored" the Council's order because he obtained additional medical expert testimony from Dr. Blair. (Pl.'s Br. 6.) The Council's order did not restrict the ALJ's conduct of the proceedings after remand by prohibiting the solicitation of additional medical expert testimony. The Council directed the ALJ *inter alia* to

> [g]ive further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of the assessed limitations. *As warranted*, evaluate issues of non-compliance with prescribed treatment in accordance with SSR 82-59.

---

[3] Plaintiff has said that Dr. Blair had no credentials as an expert in Social Security disability matters. (Pl.'s Br. 3.) However, the question of Dr. Blair's credentials was raised at the hearing, and Ms. Boone's counsel specifically waived objection on that ground. (Tr. 613, 622.) Plaintiff's dispute regarding Dr. Blair's credentials comes too late.

(Tr. 488 (emphasis added and citations omitted).) The Council appears to have been concerned regarding Dr. Nelson's testimony indicating Ms. Boone would likely have been normal with proper treatment. (Tr. 487.) In response, the ALJ determined that because Ms. Boone was not disabled, it was unnecessary to evaluate whether she had failed to follow prescribed treatment. (Tr. 687.) The ALJ's disposition of this issue accords with SSR 82-59, which requires inquiry into the reasons an individual has failed to follow prescribed treatment only when that person is adjudged to be disabled. Since the ALJ decided Plaintiff was not disabled, he rightly decided it was unnecessary to reach the question of whether her failure to follow prescribed treatment was justified. Thus, in the language of the Council's remand order, further consideration of the point was not warranted. Plaintiff's first contention is without merit.

<u>Issue 2: Consideration of Ms. Boone's Claim under the Relevant Pain Standard</u>

Plaintiff broadly argues that the ALJ did not properly evaluate her allegations of pain under the governing standards. The essence of Ms. Boone's argument is, however, fairly narrow: that the ALJ did not regard her epidural injections as objective medical evidence of pain. (Pl.'s Br. 6-8.) Her contention is premised upon a statement by the ALJ at the hearing after remand:

> ALJ: I agree. So, it's, it's a combination and, and – the, the, the thing is, is, is, you, a younger individual, and – okay, like the, the x-ray findings and, and the CT findings, as far as, you know, severe operative pathology, there's – no, no surgeries have been done. She's been getting injections and medications.

(Tr. 651.) To the extent that meaning can be gleaned from this statement, the ALJ appears to be contrasting more invasive surgical procedures with injections and medications. Nothing in that statement indicates, however, a disregard of injections as objective medical evidence. This conclusion is buttressed by the ALJ's written decision in which he noted the following:

> When physical therapy failed to alleviate her symptoms [of neck and back pain], Dr. Rastogi referred the claimant for pain management. The claimant was prescribed pain medications through her family physician and has received multiple cervical, lumbar and sacroiliac joint injections at Mid Atlantic Spine, with good overall response reported. The claimant was also treated with four months of physical therapy through Physiotherapy Associates from November 2006 through February 2007.

(Tr. 677.) A review of the written decision shows extensive consideration was given by the ALJ to the medical evidence relating to Ms. Boone's claims of neck and back pain. (Tr. 683-85.) He, quite reasonably, concluded that the objective evidence was inconsistent with her allegations of chronic and disabling pain. The Court perceives no error in the ALJ's evaluation of Ms. Boone's pain.

<u>Conclusion</u>

For the foregoing reasons, the Court will enter a separate order AFFIRMING the agency's decision, DENYING Plaintiff's Motion for Summary Judgment, and GRANTING Defendant's Motion for Summary Judgment.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed accordingly.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge

JKB/jh